# IN THE COURT OF APPEALS OF IOWA

No. 21-0381
Filed November 17, 2022

**MARK ALAN TROUTMAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Mills County, Jeffrey L. Larson,
Judge.

Mark Troutman appeals the denial of his application for postconviction relief.
**AFFIRMED.**

Christopher J. Roth of Roth Weinstein, LLC, Omaha, Nebraska, for
appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant
Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A jury found Mark Troutman guilty of first-degree murder in connection with the shooting death of his ex-girlfriend. The court of appeals affirmed his judgment and sentence. *State v. Troutman*, No. 17-0277, 2018 WL 1182623, at *3 (Iowa Ct. App. Mar. 7, 2018). Troutman filed an application for postconviction relief. The district court denied the application following an evidentiary hearing.

On appeal, Troutman contends (I) his trial attorneys were ineffective in failing to (A) pursue a renewed motion for change of venue, (B) give him all the discovery materials, (C) call witnesses on his intoxication defense, (D) argue for the lesser-included offense of voluntary manslaughter, and (E) object to evidence of the deceased's good character; and (II) his appellate attorney was ineffective in failing to (A) appeal the partial denial of his suppression motion and (B) appeal the denial of the motions for change of venue. Ineffective-assistance claims require proof of deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to prove either prong is fatal to an ineffective-assistance-of-counsel claim." *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019). We begin and end with the prejudice prong.

We have presumed prejudice for ineffective-assistance claims that "rise to the level of structural errors." *See Sothman v. State*, 967 N.W.2d 512, 530 (Iowa 2021). Troutman does not contend any of his claims require a presumption of prejudice. Accordingly, we apply the general prejudice standard, which requires a showing of a reasonable probability that the result would have been different but for counsel's errors. *See State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020). The

standard will not be satisfied where there is overwhelming evidence against the defendant. *Id.* Our de novo review of the trial record reveals the following facts.

Troutman began a long-distance romantic relationship with an Iowan. He occasionally traveled from Ohio to western Iowa to see her. One day, he arrived by train expecting her to pick him up, only to discover she was not there. She texted him the next day asking, "When do you want to meet so I can give you you[r] stuff back[?]" Troutman responded, "I don't understand." She clarified that she was ending the relationship.

In conveying his feelings about the breakup to another person, Troutman texted, "It took everything I had as a person to not start hitting her until she wasn't alive anymore." He told someone else he contemplated a murder/suicide.

Troutman returned to Iowa and shot the woman in her head outside her place of employment. Witnesses pointed to Troutman as the shooter. Following the shooting, the manager of the hotel where Troutman was staying found Troutman crying in his room. She informed him of the shooting. He responded it was him they were looking for and said, "you know what I did." He then got the gun, showed it to her, put it down, and went to the lobby with the manager to wait for police.

Officers found writing on the wall inside Troutman's hotel room saying he was sorry and signed with the initials "MT." He also wrote, "Please ask [the woman], she's the one who lied and cheated on me, why I did it." He referred to texts on his phone and said, "I just couldn't cope with what I thought was real but apparently nothing was real ever." He continued, "Why make me travel eight, nine

hours to surprise me.  That's why I did it.  I'm so sorry I let everyone down but I can't live with that and neither should she."

We conclude the record overwhelmingly establishes Troutman's guilt. Troutman failed to establish *Strickland* prejudice, and the district court appropriately denied all his ineffective-assistance-of-counsel claims.

**AFFIRMED.**